IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11415
Summary Calendar
_____


In The Matter Of:  JULIA MILLION,

                                                        Debtor.

----------------------
JULIA MILLION,

                                                        Appellant,

                            versus

NICK VINCENT SALAS;
ANTHONY MICHELLE SLAYDEN,

                                                        Appellees.
_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1797-P
_____

December 21, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Appellant Julia Million appeals an order from the district
court dismissing her appeal from the bankruptcy court for want of
jurisdiction.  The district court held that Million's appeal was
untimely under Bankr. R. 8002(a) and therefore it had no
jurisdiction to hear the case.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Million contends that her notice of appeal was timely because Bankr. R. 9006(f) extends the ten-day period of appeal under Bankr. R. 8002(a) by three days.[1]

Jurisdiction is a question of law that we review de novo. In re Moody, 41 F.3d 1024, 1026 (5th Cir. 1995).

After a review of the record and consideration of the briefs, we must affirm the district court's dismissal of Million's appeal.

In pertinent part, Bankr. R. 8002(a) provides that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The rule is mandatory and failure to comply deprives the district court of jurisdiction to review the bankruptcy court's judgment. In re Moody, 41 F.3d at 1026 (citing Abraham v. Aguilar (In re Anguilar), 861 F.2d 873, 874 (5th Cir. 1988)). Under Bankr. R. 8002(a) Million had until Monday, June 30, 1997, to file a timely notice of appeal.[2] It is undisputed that Million did not file her notice of appeal until July 1, 1997. As such, Million's appeal was untimely.

Million's reliance on Bankr. R. 9006(f) is misplaced. Bankruptcy R. 9006(f) provides:

---

[1]Million urges several other arguments on appeal that she failed to present to the district court. Because we are confident that no miscarriage of justice will result, we decline to consider the issues raised for the first time on appeal. Lindsey v. Federal Deposit Ins. Corp., 960 F.2d 567, 572 (5th Cir. 1992).

[2]The bankruptcy court judgment was entered on June 18, 1997. Because ten days from the date of entry of judgment fell on a Saturday, June 28, 1997, Million had until Monday, June 30, 1997, to file the notice of appeal. Fed.R.Civ.P. 6(a).

> When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or other paper is served by mail, three days shall be added to the prescribed period.

Notwithstanding its three-day extension period, Bankr. R. 9006(f) is "inapplicable to the appeal proceeding proscribed in Rule 8002(a)." Arbuckle v. First National Bank of Oxford, 988 F.2d 29, 31 (5th Cir. 1993) (citing In re Sanders, 59 B.R. 414, 416 (D. Mont. 1986)). Therefore, to preserve her right to file a timely appeal, Million was required to adhere jurisdictional requirements of Bankr. R. 8002(a). This she failed to do. The district court did not err in dismissing Million's appeal for lack of jurisdiction.

The judgment of the district court is hereby

A F F I R M E D.